**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEORGE L. GORDON,

    Defendant - Appellant.

No. 18-3100
(D.C. No. 5:15-CR-40026-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

George L. Gordon entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement

and pleaded guilty to possession of a firearm by a prohibited person, in violation of

18 U.S.C. § 922(g). He was sentenced to 24 months in prison followed by three

years of supervised release. Mr. Gordon violated the terms of his supervised release

and, following a hearing, the district court revoked his supervised release and

sentenced him to 18 months in prison and another 18 months of supervised release.

Although his plea agreement contained an appeal waiver, Mr. Gordon appealed from

the sentence imposed upon revocation of supervised release. The government moves

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc).

Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Gordon, through counsel, argues that he did not knowingly and voluntarily waive his right to appeal his sentence following revocation of supervised release. Accordingly, we will address only the second *Hahn* factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that this court need not address a *Hahn* factor that the defendant does not contest).

We look primarily to the language of the plea agreement and Fed. R. Crim. P. 11 plea colloquy to assess whether a defendant knowingly and voluntarily waived his appellate rights. *See United States v. Rollings*, 751 F.3d 1183, 1188 (10th Cir. 2014). Mr. Gordon argues that he did not knowingly and voluntarily waive his right to appeal from the revocation of supervised release because "the Court and the government at the change of plea hearing used: (1) general language regarding the plea waiver; (2) didn't inform the defendant of the terms of the plea agreement provisions waiving the right to appeal; and, (3) did not determine that Mr. Gordon understood the terms of the plea agreement." Resp. to Mot. to Enforce at 6. But we have held that the absence of a specific discussion of the appeal waiver during a Rule 11 colloquy does not preclude this court from concluding that the defendant's waiver

2

was knowing and voluntary based on other evidence in the record. *United States v. Tanner*, 721 F.3d 1231, 1235-36 (10th Cir. 2013) (finding district court's failure to specifically discuss appeal waiver did not entitle appellant to relief and granting motion to enforce appeal waiver). Mr. Gordon concedes that "[d]uring the Rule 11 colloquy, the Court referred defendant to paragraph 11 of the plea agreement and . . . asked defendant if he understood he was waiving important rights of appeal." Resp. to Mot. to Enforce at 2. Paragraph 11 of the plea agreement provides, in relevant part, that

> defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, *as well as any sentence imposed upon a revocation of supervised release*.

Mot. to Enforce, Attach. A (Plea Agreement) at 5-6 (emphasis added). By its terms, the waiver set forth in the plea agreement clearly covers the appeal of a sentence following revocation of supervised release at issue here.

Further, at the change of plea hearing the district court questioned Mr. Gordon regarding his understanding of his right to appeal and verbally verified he understood that by entering into the plea agreement he was giving up that right under the circumstances set forth therein, specifically referring him to the page and paragraph number of the plea agreement that contained the appeal waiver language. *See* Mot. to Enforce, Attach. B (Change of Plea Hr'g) at 22-23. The district court also determined that Mr. Gordon was mentally sound and not under the influence of drugs or alcohol, *id.* at 8-9; that he had reviewed the plea agreement with counsel and was

3

satisfied with his representation, *id.* at 11-12; and that his "decision to plead guilty [was] a knowing, informed, and voluntary decision," *id.* at 32.

The record demonstrates that Mr. Gordon's waiver was knowing and voluntary. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam
